Mr. Moore and Mr. Hay, for the plaintiffs, argued that the common law of England, with respect to executors and administrators, is the law here, unless where it has been altered by acts of the Legislature passed since 1778, where the common law of England was enforced here by act of Assembly; and although the judges may be inclined to think some part of that law, as it respects executors and administrators, more strict than is perfectly consistent with equity, yet as they are to expound, not make, the law, and as the Legislature have never altered these seemingly exceptionable parts, it is the business and duty of the judiciary to declare it as it really is.
The plea of fully administered, as to its form, is as stated by the plaintiff's counsel; and in strictness, a *Page 333 
payment made after the teste is not good in support of plene administravit. As to judgments obtained after the teste, they may be pleaded by the administrator, if obtained before the plea pleaded at its proper time. As to debts assumed by the administrator before the teste of the writ, such assumption obliges him to pay the debt as effectually as if he had given a bond. He must, therefore, be allowed to the amount of his assumptions.
NOTE BY REPORTER. — The first part of this opinion was incorrect. If in fact the payments were made after the teste, and before notice, that should be stated in the plea; and then the payments before notice may be given in evidence by the administrator. Offi. Exrs., 145; Cod. Orp. Leg., 220; Plow. Com., 277.
See Evans v. Norris, ante, 411; Littlejohn v. Underhill, 4 N.C. 377.